```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

TOWER INSURANCE COMPANY OF      §
NEW YORK,                       §
                                §
          Plaintiff,            §
                                §
v.                              §   CIVIL ACTION NO. H-13-339
                                §
ALL AMERICAN RIGGING CO., INC.  §
                                §
          Defendant.            §
```

**MEMORANDUM OPINION**

Pending before the court[1] are Plaintiff's motion for Summary Judgment (Doc 30) and Defendant's motion for Partial Summary Judgment (Doc 31).  The court has considered the motions, the responses, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **DENIES** Plaintiff's motion and **GRANTS IN PART, DENIES IN PART** Defendant's motion.

### I.  Case Background

Plaintiff Tower Insurance Company of New York filed this action pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration that it has no duty to defend or indemnify its insured, Defendant All American Rigging Co., Inc., in a negligence action.

Plaintiff issued an inland marine policy to Defendant, effective from May 31, 2009, through May 31, 2010.[2]  This policy

---

[1]     The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Doc. 37.

[2]     Doc. 1, Pl.'s Orig. Compl. p. 4.

initially did not cover liability arising out of damage to property stored at Defendant's warehouses.³ The policy was later amended to provide such coverage, effective May 12, 2010.⁴ The policy, including the warehouse legal liability coverage, was renewed in 2010, effective May 31, 2010, through May 31, 2011.⁵

Edward Dysarz ("Dysarz") filed a negligence suit against Defendant in the 61st Judicial District of Harris County on January 9, 2013.⁶ Dysarz alleged that, for an unspecified period of time, he stored a pump at a warehouse owned by Defendant.⁷ In late 2010, Dysarz discovered that the pump "had been lost, stolen or destroyed–or in some manner discarded."⁸

Plaintiff filed this lawsuit on February 11, 2013.⁹ On August 2, 2013, Defendant brought a counterclaim against Plaintiff for breach of contract.¹⁰ On April 30, 2014, Plaintiff filed a motion for summary judgment, and Defendant filed a motion for partial

---

³ See id. p. 5.

⁴ See id. p. 6.

⁵ See id.

⁶ See Doc. 1-1, Ex. A to Pl.'s Orig. Compl., Dysarz's Orig. Pet. and Req. for Disclosure.

⁷ See id. ¶ 6; Doc. 1, Pl.'s Orig. Compl. ¶ 10.

⁸ See Doc. 1-1, Ex. A to Pl.'s Orig. Compl., Dysarz's Orig. Pet. and Req. for Disclosure ¶ 7.

⁹ See Doc. 1, Pl.'s Orig. Compl.

¹⁰ See Doc. 21, Def.'s Am. Answer and Countercl.

summary judgment.[11] Defendant responded to Plaintiff's motion on May 9, 2014.[12] Plaintiff responded to Defendant's motion on May 21, 2014, and filed a reply in support of its motion on May 27, 2014.[13]

## II.  Legal Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540–41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings,

---

[11]  See Doc. 30, Pl.'s Mot. for Summ. J.; Doc. 31, Def.'s Mot. for Partial Summ. J.

[12]  See Doc. 33, Def.'s Resp. to Pl.'s Mot. for Summ. J.

[13]  See Doc. 34, Pl.'s Resp. to Def.'s Mot. for Partial Summ. J.; Doc. 35, Pl.'s Reply in Support of Mot. for Summ. J.

depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences,

unsupported speculation, or only a scintilla of evidence will not carry this burden. Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). The court must grant summary judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### III. Principles of Insurance Law

As this declaratory action is in federal court under diversity jurisdiction, state law governs substantive matters. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). The parties have both cited to Texas law as controlling authority, and the court assumes that Texas law applies to the present dispute.

**A.  Burden of Proof and Contract Interpretation**

In general, the insured bears the initial burden of establishing that coverage is potentially provided by the applicable insurance policy, while it is the insurer's burden to prove the applicability of an exclusion permitting it to deny coverage. Lincoln Gen. Ins. Co. v. Reyna, 401 F.3d 347, 350 (5th Cir. 2005) (applying Texas law); see also Tex. Ins. Code Ann. § 554.002. If the insurer is successful, the burden shifts back to the insured to prove that an exception to the exclusion applies. Guar. Nat'l Ins. Co. v. Vic Mfg. Co., 143 F.3d 192, 193 (5th Cir.

1998) (applying Texas law).

Insurance policies are subject to the rules of contract interpretation. Guar. Nat'l Ins. Co. v. Azrock Indus., Inc., 211 F.3d 239, 243 (5th Cir. 2000) (applying Texas law); Progressive County Mut. Ins. Co. v. Sink, 107 S.W.3d 547, 551 (Tex. 2003). "Terms in contracts are given their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning." Bituminous Cas. Corp. v. Maxey, 110 S.W.3d 203, 208-09 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

**B.   Duty to Defend**

"Under Texas law, an insurer may have two responsibilities relating to coverage–the duty to defend and the duty to indemnify." Gilbane Bldg. Co. v. Admiral Ins. Co., 664 F.3d 589, 594 (5th Cir. 2001) (citing D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co., 300 S.W.3d 740, 743 (Tex. 2009)). Whereas the "duty to indemnify protects insureds 'from payment of damages they may be found legally obligated to pay,'" the duty to defend "'protects the same parties against the expense of any suit seeking damages' covered by the policy." Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co., 279 S.W.3d 650, 655 n.28 (Tex. 2009) (quoting Heyden Newport Chem. Corp. v. S. Gen. Ins. Co., 387 S.W.2d 22, 25 (Tex. 1965)).

An insurer's duty to defend requires it to "defend its insured if a plaintiff's factual allegations potentially support a covered

6

claim, while the facts actually established in the underlying suit determine whether the insurer must indemnify its insured." Zurich Am. Ins. Co. v. Nokia, Inc., 268 S.W.3d 487, 490-91 (Tex. 2008) (citing GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church, 197 S.W.3d 305, 310 (Tex. 2006)). Accordingly, "[t]wo documents determine an insurer's duty to defend–the insurance policy and the third-party plaintiff's pleadings in the underlying litigation, which the court must review 'without regard to the truth or falsity of those allegations.'" Amerisure Ins. Co. v. Navigators Ins. Co., 611 F.3d 299, 309 (5th Cir. 2010) (quoting GuideOne, 611 F.3d at 309). This is known as the eight-corners rule. Id.

In determining an insurer's duty to defend, the court's only job is to compare the four corners of the pleading with the four corners of the insurance policy. Reyna, 401 F.3d at 350. "Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination . . . ." Liberty Mut. Ins. Co. v. Graham, 473 F.3d 596, 600 (5th Cir. 2006) (applying Texas law).

The court interprets the allegations liberally and resolves all doubts regarding the duty to defend in favor of the insured. Nat'l Union Fire Ins. Co. Of Pittsburgh v. Merchs. Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997). However, the court may not "read facts into the pleadings," "look outside the pleadings, or imagine factual scenarios [that] might trigger

7

coverage." Pine Oak Builders, Inc., 279 S.W.3d at 655 (quoting Merchs. Fast Motor Lines, 939 S.W.2d at 142). Although the burden is typically "on the insured to show that a claim against him is potentially within the scope of coverage under the policies," when "the insurer relies on the policy's exclusions, it bears the burden of proving that one or more of those exclusions apply." Federated Mut. Ins. Co. v. Grapevine Excavation, Inc., 197 F.3d 720, 723 (5th Cir. 1999). When assessing the insurer's proffered exclusion, "'[t]he court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent.'" Utica Nat'l Ins. Co., 141 S.W.3d 198, 202 (Tex. 2004) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co., 811 S.W.2d 552, 555 (Tex. 1991)).

**C.   Duty to Indemnify**

Under Texas law, an insurer's duty to indemnify is narrower than its duty to defend. St. Paul Ins. Co. v. Tex. Dep't of Transp., 999 S.W.2d 881, 884 (Tex. App.-Austin 1999, pet. denied). The duty to indemnify is triggered only by the actual facts establishing the insured's liability in the underlying litigation. Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 821 (Tex. 1997). Accordingly, "an insurer may have a duty to defend but, eventually, no duty to indemnify." Farmers Tex. County Mut. Ins.

Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997).

## IV.  Analysis

Plaintiff seeks a declaration that it has no duty to defend or indemnify Defendant in the underlying suit brought by Dysarz and moves for summary judgment on Defendant's breach of contract claim. Plaintiff argues that Dysarz's state court petition failed to allege damages occurring within the policy period and that the loss alleged was not of the type covered by the policy, negating both its duty to defend and its duty to indemnify.

Conversely, Defendant seeks a declaration that Plaintiff has a duty to defend because the allegations in the underlying suit are sufficient to potentially trigger coverage.  As to the duty to indemnify, Defendant opposes Plaintiff's motion for summary judgment on the basis that the issue of indemnification is not ripe because the underlying suit has not been resolved.  Defendant also moves for summary judgment on its breach of contract claim.

**A.   Timing of the Loss**

Defendant's policy covered "risks of direct physical 'loss,'" defined, in relevant part, as "accidental loss or damage" to property.[14]  Coverage was limited to loss "arising out of an 'Occurrence' during the Policy period."[15]  "Occurrence" was defined

---

[14]   See Doc. 1-3, Ex. C to Pl.'s Orig. Compl., Inland Marine Policy p. 6.

[15]   Id. p. 14.

as "any one 'loss', disaster, casualty or series of losses, disasters, or casualties, arising out of one event."[16] The parties disagree as to whether property damage "occurs" under the policy when the actual injury happens or when the damage is discovered. The court need not resolve this issue, as it finds that Plaintiff has a duty to defend under either interpretation.

Plaintiff argues that, if the relevant date is when the injury occurs, Dysarz's petition does not sufficiently allege damage occurring during the policy period. It is true that Dysarz's petition did not specifically allege at what point Defendant lost possession of the pump. The petition merely alleged that the pump was no longer in Defendant's possession in late 2010.[17] Plaintiff argues that this allegation is insufficient to raise the possibility that the loss arose during the covered period of May 12, 2010, through May 31, 2011.

The court disagrees. In determining whether the duty to defend exists, courts consider only whether the "factual allegations potentially support a covered claim." Zurich, 268 S.W.3d at 490-91. Accordingly, "Texas courts have held that a carrier is obligated to defend when the underlying petitions are silent about the time of the damage" so long as coverage is potentially triggered. Indian Harbor Ins. Co. v. KB Lone Star,

---

[16] Id. p. 13.

[17] See Doc. 1-1, Ex. A to Pl.'s Orig. Compl., Dysarz's Original Pet. and Req. for Disclosure ¶ 7.

Inc., No. H-11-CV-1846, 2012 WL 3866858, at *14 (S.D. Tex. Sept. 5, 2012) (citing Gehan Homes, Ltd. v. Employers Mut. Cas. Co., 146 S.W.3d 833, 845-46 (Tex. App.-Dallas 2004, pet. denied)) (finding a duty defend "because it is possible that the property damage in the underlying litigation occurred during the policy period."); see also GEICO Gen. Ins. Co. v. Austin Power Inc., 357 S.W.3d 821, 824-25 (Tex. App.-Houston [14th Dist.] 2012).

Plaintiff attempts to distinguish Indian Harbor, Gehan Homes, and GEICO on the basis that the underlying suits in those cases involved property damage that occurred over an extended time period. However, these cases did not limit their holdings to such circumstances. For example, in GEICO, the court noted that the third party plaintiff alleged an injury occurring "sometime before the petition was filed" and that "[n]othing in the pleadings negate[d] the possibility that the injury occurred" during the coverage period. GEICO, 357, S.W.3d at 825. The court then concluded that, "[c]onstruing the pleadings liberally and resolving any doubts in the insured's favor, [it] agree[d] . . . that this [was] an allegation of a potential occurrence within the policy's coverage period." Id. Here, because Dysarz's petition alleges property damage that potentially occurred during the policy period, the court finds that Plaintiff has a duty to defend.

B. **Reason for Loss**

Defendant's warehouse legal liability coverage extended to

"direct physical 'loss' or damage to the property of others in the care, custody and control of the Insured for which a storage receipt has been issued while the Insured is acting as a Warehouseman."[18] The policy covered "risks of direct physical 'loss' which is defined as accidental loss or damage from an external cause to Covered Property except those causes of 'loss' listed in the Exclusions."[19] These exclusions included "[d]ishonest or criminal acts on the part of the Insured or any of their employees; inventory shortage or unexplained disappearance where there is no evidence of unlawful entry or burglary."[20]

Plaintiff argues that Dysarz failed to allege an "accidental" loss and, alternatively, the alleged loss was an "unexplained disappearance," precluding coverage for Defendant. The Supreme Court of Texas has stated that an "accident is generally understood to be a fortuitous, unexpected, and unintended event." Lamar Homes, Inc. v. Mid-Continent Cas. Co., 242 S.W.3d 1, 8 (Tex. 2007). While an intentional tort is not an accident, "a deliberate act, performed negligently, is an accident if the effect is not the intended or expected result; that is, the result would have been different had the deliberate act been performed correctly." Id. Accordingly, "a claim does not involve an accident . . . when

---

[18]   Doc. 1-3, Ex. C to Pl.'s Orig. Compl., Inland Marine Policy p. 5.

[19]   Id. p. 6.

[20]   Id. p. 7.

either direct allegations purport that the insured intended the injury . . . or circumstances confirm that the resulting damage was the natural and expected result of the insured's actions, that is, was highly probable whether the insured was negligent or not." Id. at 9.

Regarding the cause of the loss, Dysarz's petition alleged that the pump was "lost, stolen or destroyed-or in some manner discarded."[21] Interpreting these allegations liberally and resolving all doubts in favor of the insured, the court reads Dysarz's petition to allege a loss not necessarily intended by Defendant or "the natural and expected result" of Defendant's actions. Id. Likewise, Dysarz's petition does not allege that the loss was an "unexplained disappearance where there [was] no evidence of unlawful entry or burglary."[22] Accordingly, Dyzarz's petition potentially supports a claim of a loss of the type covered by the policy.

**C.  Extrinsic Evidence**

Plaintiff argues that the court's consideration of extrinsic evidence under an exception to the eight-corners rule would show that Defendant lost possession of the pump prior to the start of the policy period and that the loss was not accidental. The

---

[21]  See Doc. 1, Pl.'s Orig. Compl. pp. 3-4.

[22]  See Doc. 1-3, Ex. C to Pl.'s Orig. Compl., Inland Marine Policy p. 7.

Supreme Court of Texas has never expressly recognized an exception to the eight-corners rule, although Texas appellate courts and the Fifth Circuit have done so. See Ooida Risk Retention Grp., Inc. v. Williams, 579 F.3d 469, 475-76 (5th Cir. 2009) (applying Texas law); Weingarten Realty Mgmt. Co. v. Liberty Mut. Fire Ins. Co., 343 S.W.3d 859, 865 (Tex. App.-Houston [14th Dist.] 2011, pet. denied).

Under this exception, extrinsic evidence may be admitted when "it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits or engage the truth or falsity of any facts alleged in the underlying case." Northfield Ins. Co. v. Loving Home Care, Inc., 363 F.3d 523, 531 (5th Cir. 2004).

The exception does not apply to this case because, as explained above, Dysarz's petition contains sufficient facts to enable the court to determine that coverage exists. Moreover, extrinsic evidence regarding how Defendant lost possession of the pump would overlap with the merits of Dyzarz's claim that Defendant acted negligently in storing the pump.[23] Thus, the court may not look beyond Dyzarz's petition and the insurance policy in

---

[23] The court notes that, if it were to consider extrinsic evidence regarding the timing of the loss, it would still find coverage to be potentially triggered. The record contains the depositions of two of Defendant's employees. One stated that the pump may have been discarded in the "summertime" of 2010. Doc. 30-1, Ex. D to Pl.'s Mot. for Summ. J., J. Carson's Dep. p. 56. The other testified that "[had] no clue" when the pump might have been discarded. Doc. 30-1, Ex. E to Pl.'s Mot. for Summ. J., Dep. of M. Tilghman pp. 34-35. Thus, the facts alleged in Dyzarz's petition, combined with this extrinsic evidence, would present a claim that is potentially within coverage under Plaintiff's policy.

14

determining Plaintiff's duty to defend.

**D.    Duty to Indemnify**

A federal court may not issue a declaratory judgment unless there exists an actual case or controversy. Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998).  An actual case or controversy exists before the resolution of an insured's underlying suit concerning the insurer's duty to defend because the duty to defend is based upon the allegations in the pleadings. Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc., 542 F.3d 106, 110-11 (5th Cir. 2008). The duty to indemnify, however, "is triggered by the actual facts that establish liability in the underlying lawsuit." Azrock Indus., 211 F.3d 239, 243 (5th Cir. 2000). Accordingly, "Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded," unless the court finds there to be no duty to defend and "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." Northfield, 363 F.3d at 529 (internal quotation marks omitted). As the court determines that Plaintiff has a duty to defend, the duty-to-indemnify question is not justiciable.

**E.    Breach of Contract**

Plaintiff moves for summary judgment on Defendant's breach of contract claim on the same basis that it moves for a declaration that is has no duty to defend.  Accordingly, Plaintiff's motion as

15

to this claim is denied.

Defendant also moves for summary judgment on this claim but has failed to present evidence supporting the elements of breach of contract. The essential elements in a suit for breach of contract are: "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damages as a result of the breach." Southwell v. University of Incarnate Word, 974 S.W.2d 351, 354-55 (Tex. App.-San Antonio 1998, pet. denied). Defendant has failed to allege, must less establish, that Plaintiff breached the insurance policy or that Defendant has suffered an injury. Therefore, the court finds that Defendant is not entitled to summary judgment on this claim.

## V. Conclusion

Based on the foregoing, the court **DENIES** Plaintiff's motion. The court further **GRANTS** Defendant's motion as to Plaintiff's duty to defend and **DENIES** Defendant's motion as to its breach of contract claim.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual

findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 9th day of July, 2014.

_____
U.S. MAGISTRATE JUDGE